IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| UNIVERSITY DIRECTORIES, LLC, | § | CASE NUMBER: 14-81184 |
| | § | CHAPTER 7 |
| Debtor | § | |
| | § | |
| CHARLES M. IVEY, III, Chapter 7 Trustee | § | |
| For THE ESTATE OF UNIVERSITY | § | |
| DIRECTORIES, LLC; | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADVERSARY PROCEEDING |
| VS. | § | NO. 16-09005 |
| | § | |
| ELI GLOBAL, LLC, UDX, LLC, | § | |
| SOUTHLAND NATIONAL INSURANCE | § | |
| CORPORATION, UD HOLDINGS, LLC, | § | |
| SNA CAPITAL, LLC, AROUND | § | |
| CAMPUS, LLC, GREG LINDBERG and | § | |
| SCOTT HALL, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' SECOND AMENDED ANSWER**

COME now ELI GLOBAL, LLC, UDX, LLC, SOUTHLAND NATIONAL INSURANCE CORPORATION, UD HOLDINGS, LLC, SNA CAPITAL, LLC, AROUND CAMPUS, LLC GREG LINDBERG and SCOTT HALL ("Defendants"), and pursuant to Fed. R. Civ. P. 15(a)(2) made applicable here by Fed. R. Bankr. P. 7015, file this Second Amended Answer to Plaintiff's Complaint and answers as follows:

**Jurisdiction, Venue and Parties**

1.    The allegations in paragraph 1 are legal conclusions to which no response is required.  Unless expressly admitted, Defendants deny any remaining allegations in paragraph 1.

2.    The allegations in paragraph 2 are legal conclusions to which no response is required.  Unless expressly admitted, Defendants deny any remaining allegations in paragraph 2.

**DEFENDANTS' SECOND AMENDED ANSWER -- PAGE 1 OF 16**

26367576v1 92132.008.05

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit Greg Lindberg has been identified as the Chairman of Eli Global. Defendants deny the remaining allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12 subject to the Court's August 19, 2016, Order Granting In Part, Denying In Part Defendants' Rule 12(b)(6) Motion to Dismiss [Dkt. 20].

13. The allegations in paragraph 13 are legal conclusions to which no response is required. Unless expressly admitted, Defendants deny any remaining allegations in paragraph 13.

## Factual Allegations

13[1]. Upon information and belief, Defendants admit UD is a collegiate marketing and media company doing business as The AroundCampus Group. Defendants do not have sufficient knowledge to admit or deny the remaining allegations in paragraph 13, and therefore deny. Unless expressly admitted, Defendants deny the allegations in paragraph 13.

---

[1] Plaintiff has incorrectly numbered the Complaint to include two paragraphs numbered 13. Due to the size of the Complaint, for simplicity's sake, Defendants have answered the Complaint the way Plaintiff drafted it without correcting the incorrectly numbered paragraphs.

**DEFENDANTS' SECOND AMENDED ANSWER -- PAGE 2 OF 16**

14. Defendants admit the allegations in the first three sentences of paragraph 14. Defendants admit that Eli Global is headquartered in Durham, North Carolina. Defendants deny the remaining allegations in paragraph 14.

15. Defendants admit that Eli Global participated in negotiations to potentially purchase UD. Upon information and belief, Defendants admit that UD retained an investment banker. Defendants do not have sufficient knowledge to admit or deny the remaining allegations in paragraph 15 and therefore deny. Unless expressly admitted, Defendants deny the allegations in paragraph 15.

16. Defendants admit that Eli Global and UD had no prior connections before entering negotiations to purchase UD. Defendants do not have sufficient knowledge to admit or deny the remaining allegations in paragraph 16 and therefore deny. Unless expressly admitted, Defendants deny the allegations in paragraph 16.

17. Defendants admit that Eli Global signed a document on August 22, 2014, which Plaintiff has named "Letter Agreement" in accordance with the parties' negotiations, but expressly deny the document was a binding contract. The remaining allegations in paragraph 17 are legal conclusions to which no response is required. Unless expressly admitted, Defendants deny the allegations in paragraph 17.

18. Defendants do not have sufficient knowledge to admit or deny the allegations in paragraph 18 and therefore deny.

19. Paragraph 19 contains no factual allegations for Defendant to admit or deny.

20. Defendants admit UD provided some materials so that Eli Global could conduct due diligence. Defendants do not have sufficient knowledge to admit or deny the remaining allegations in paragraph 20 and therefore deny. Unless expressly admitted, Defendants deny the allegations in paragraph 20.

21. Defendants admit that Eli Global and UD signed a document on September 10, 2014, which Plaintiff has named "Term Sheet," but expressly deny the document was a binding contract. Defendants further admit that Greg Lindberg signed the "Term Sheet" on Eli Global's behalf. The remaining allegations in paragraph 21 are legal conclusions to which no response is required. Unless expressly admitted, Defendants deny the allegations in paragraph 21.

22. Defendants do not have sufficient knowledge to admit or deny the allegations in paragraph 22 and therefore deny.

23. Defendants admit the allegations in paragraph 23.

24. Defendants admit Eli Global conducted due diligence regarding UD's debts. Unless expressly admitted, Defendants deny the allegations in paragraph 24.

25. Defendants do not have sufficient knowledge to admit or deny the allegations in paragraph 25 and therefore deny.

26. Defendants do not have sufficient knowledge to admit or deny the allegations in paragraph 26 and therefore deny.

27. Defendants do not have sufficient knowledge to admit or deny the allegations in paragraph 27 and therefore deny.

28. Defendants admit that Greg Lindberg of Eli Global met with Larry Loeser of Harrington Bank on September 19, 2014. Unless expressly admitted, Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants admit Lindberg and Loeser communicated by telephone on September 19, 2014. Unless expressly admitted, Defendants deny the allegations in paragraph 30.

31. Defendants admit Eli Global signed a confidentiality agreement with BNC on September 22, 2014. The remaining allegations in paragraph 31 are legal conclusions to which no response is required. Unless expressly admitted, Defendants deny the allegations in paragraph 22.

32. Defendants deny the confidentiality agreement was for the benefit of UD. The remaining allegations are legal conclusions to which no response is required. Unless expressly admitted, Defendants deny the allegations in paragraph 32.

33. Defendants deny the confidentiality agreement is valid and enforceable. Defendants do not have sufficient knowledge to admit or deny whether BNC executed and is in possession of the confidentiality agreement described in paragraph 33 and therefore deny. The remaining statements in paragraph 33 do not contain factual allegations for Defendants to admit or deny. Unless expressly admitted, Defendants deny the allegations in paragraph 33.

34. Defendants do not have sufficient knowledge to admit or deny BNC's understanding and/or UD's consent with regard to the letter agreement described in paragraph 34 and therefore deny. Defendants deny the letter agreement described in paragraph 34 was a binding contract. Further, whether the letter agreement prohibited Defendants from disclosing the existence of negotiations between UD and Eli Global is a legal conclusion to which no response is required. Unless expressly admitted, Defendants deny the allegations in paragraph 34.

35. Defendants admit Plaintiff was not a party to the confidentiality agreement, but specifically deny that Plaintiff was a beneficiary to the confidentiality agreement or that the parties intended the Plaintiff to benefit from the confidentiality agreement. Defendants deny the remaining allegations in paragraph 35. Unless expressly admitted, Defendants deny the allegations in paragraph 35.

36. The document referenced in paragraph 36 speaks for itself. Unless expressly admitted, Defendants deny the remaining allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants admit that Lindberg signed a Revised Term Sheet on behalf of Eli Global on September 30, 2014. Defendants specifically deny the Revised Term Sheet is a binding contract. The remaining statements in paragraph 38 do not contain factual allegations for Defendants to admit or deny. Unless expressly admitted, Defendants deny the allegations in paragraph 38.

39. Defendants admit the allegations in paragraph 39, but specifically deny the Revised Term Sheet is a binding contract.

40. Defendants do not have sufficient knowledge to admit or deny the allegations in paragraph 40, and therefore deny.

41. Defendants admit that Eli Global sent a draft purchase agreement to UD on October 9, 2014. Unless expressly admitted, Defendants deny the remaining allegations in paragraph 41.

42. Defendants admit that UDX bought UD's loans from BNC on October 10, 2014. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 42 and therefore deny.

43. Defendants admit that Southland National bought VRD's loan from BNC on October 10, 2014, and that Southland National is listed as a portfolio company on Eli Global's website. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 43. Unless expressly admitted, Defendants deny the allegations in paragraph 43.

44. Defendants admit that UDX and Southland National did not inform UD, VRD, Heavner, or Crawford that they were purchasing the Loans. Defendants do not have sufficient knowledge to admit or deny the remaining allegations in paragraph 44 and therefore deny. Unless expressly admitted, Defendants deny the allegations in paragraph 44.

45. Defendants admit UDX and Southland National purchased the loans at issue from BNC prior to execution of a purchase contract for UD. Defendants specifically deny that the Revised Term Sheet is a binding contract. Unless expressly admitted, Defendants deny the allegations in paragraph 45.

46. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 46 and therefore deny.

47. Defendants admit Lindberg and Hall participated in a call with Crawford and Heavner on October 13, 2014. Defendants deny the remaining allegations in paragraph 47. Unless expressly admitted, Defendants deny the allegations in paragraph 47.

48. Defendants admit that Lindberg, on behalf of Eli Global, met with UD representatives on October 15, 2014, and presented a purchase offer which UD verbally rejected. Defendants deny the remaining allegations in paragraph 48. Unless expressly admitted, Defendants deny the allegations in paragraph 48.

49. Defendants admit that Lindberg, on behalf of Eli Global, met with UD representatives on October 15, 2014, and presented a purchase offer which VP verbally rejected. Defendants deny the remaining allegations in paragraph 49. Unless expressly admitted, Defendants deny the allegations in paragraph 49.

50. Defendants admit that UDX gave notice of default and acceleration of UD loans on October 15, 2014. Defendants admit UDX gave notice to UD, Print Shop, VilCom, VIM, and VP of private collateral sale on October 15, 2014. Defendants admit UDX gave a second notice of default and acceleration of UD loans on October 16, 2014. Defendants admit UDX gave a third notice of default and acceleration of UD loans on October 20, 2014. Unless expressly admitted, Defendants deny the allegations in paragraph 50.

51. Defendants do not have sufficient knowledge to admit or deny the allegations stated in paragraph 51 and therefore deny.

52. Defendants specifically deny that Southland National received payment from VRD. Defendants admit Southland National assigned the VRD loan to UDX. Defendants admit that UDX gave notice of the assignment on October 21, 2014. Defendants admit that UDX gave notice of default and acceleration of the VRD loan on October 21, 2014. Defendants admit that on October 22, 2014, UDX commenced a civil action in North Carolina state court against UD, VilCom, VIM, VP, VRD and Heavner. Unless expressly admitted, Defendants deny the allegations in paragraph 52.

53. Defendants admit the allegations in paragraph 53 subject to the Court's August 19, 2016, Order Granting In Part, Denying In Part Defendants' Rule 12(b)(6) Motion to Dismiss [Dkt. 20]. Unless expressly admitted, Defendants deny the allegations in paragraph 53.

54. Defendants admit the allegations in paragraph 54.

55. Defendants admit that UDX notified UD and VRD of the amount to satisfy the UD and VRD loans on October 23, 2014. Unless expressly admitted, Defendants deny the remaining allegations in paragraph 55.

56. Defendants admit Plaintiff filed an emergency petition seeking relief pursuant to Chapter 11 of Title 11 of the U.S. Code on October 24, 2014, which was converted on June 18, 2015 to a Chapter 7 proceeding. Unless expressly admitted, Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

## The "Lindberg Global Conspiracy"

58. Defendants admit Lindberg is associated with Eli Global, UDX, Southland National, UD Holdings, SNA Capital, and AroundCampus. Unless expressly admitted. Defendants deny the allegations in paragraph 58.

59. Defendants admit Lindberg was the Chairman of Eli Global. Unless expressly admitted, Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

## Misconduct By Defendants in Pursuant of the Lindberg Global Conspiracy

73. Defendants admit Plaintiff provided material and information to Eli Global. Unless expressly admitted Defendants deny the remaining allegations in paragraph 73.

74. Defendants deny the letter agreement is a binding contract. Defendants deny the remaining allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants do not have sufficient knowledge to admit or deny the allegations in paragraph 76 and therefore deny.

77. Defendants admit Eli Global entered into a confidentiality agreement with BNC. Unless expressly admitted, Defendants deny the remaining allegations in paragraph 77.

78. Defendants admit Eli Global entered into a confidentiality agreement with BNC. Defendants specifically deny that UD was an intended beneficiary of the confidentiality agreement. Unless expressly admitted, Defendants deny the remaining allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80. Defendants specifically deny the letter agreement is a binding contract. Defendants specifically deny UD is an intended beneficiary of the confidentiality agreement.

81. Defendants admit Eli Global obtained information about UD's and VRD's loans from BNC and further that UDX ultimately acquired the loans at issue. Defendants specifically deny the letter agreement is a binding contract. Defendants specifically deny UD is an intended beneficiary of the confidentiality agreement. Unless expressly admitted, Defendants deny the remaining allegations in paragraph 81.

82. Defendants admit that UDX ultimately acquired the loans at issue and served notices of default and acceleration. Unless expressly admitted, Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. The allegations in paragraph 84 are legal conclusions to which no response is required. Unless expressly admitted, Defendants deny any remaining allegations in paragraph 84.

85. Defendants specifically deny the letter agreement, term sheet, and revised term sheet are binding contracts. Defendants specifically deny UD is an intended beneficiary of the confidentiality agreement. The remaining allegations in paragraph 84 are legal conclusions to which no response is required. Unless expressly admitted, Defendants deny any remaining allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants specifically deny the term sheet or revised term sheets are binding contracts. Defendants deny the remaining allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

## Count I: Breach of Contract-Damages

91. Paragraph 91 contains no factual allegations for Defendants to admit or deny.[2]

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

## Count II: Breach of Implied Covenants of Good Faith and Fair Dealing-Damages

95. Paragraph 95 contains no factual allegations for Defendants to admit or deny.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

---

[2] Defendant Scott Hall is not required to respond to paragraphs 91-94 of the Complaint pursuant to the Court's Order Granting in Part, Denying in Part Defendants' Rule 12(b)(6) Motion to Dismiss, signed August 19, 2016 [Dkt. 20]. Therefore, "Defendants" as used in paragraphs 91-94 refers to all defendants to this action, except Scott Hall.

### Count III: Unfair and Deceptive Trade Practices-Treble Damages and Attorneys' Fees

99. Paragraph 99 contains no factual allegations for Defendants to admit or deny.

100. Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

### Count IV: Equitable Subordination

105. Paragraph 105 contains no factual allegations for Defendants to admit or deny.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

### Count V: Failure to Negotiate in Good Faith

114. Paragraph 114 contains no factual allegations for Defendants to admit or deny.

115. Defendants deny the allegations in paragraph 115.

116. Defendants deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118.

119. Defendants deny the allegations in paragraph 119.

### Count VI: Fraud in the Inducement

120. Paragraph 120 contains no factual allegations for Defendants to admit or deny.

121. Defendants deny the allegations in paragraph 121.

122. Defendants deny the allegations in paragraph 122.

### Count VII: Objection to Claim

123. Defendants are not required to respond to paragraphs 123 – 126 of the Complaint pursuant to the Court's Order Granting in Part, Denying in Part Defendants' Rule 12(b)(6) Motion to Dismiss, signed August 19, 2016 [Dkt. 20].

WHEREFORE, Defendants respectfully request that the Court deny the relief requested by the Plaintiff in paragraphs 1-9 of the prayer of Plaintiff's Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of unclean hands.

2. Plaintiff is barred from recovery, in whole or in part, because Plaintiff failed to state a claim in accordance with Rule 8 of the Federal Rules of Civil Procedure.

3. Plaintiff is barred from recovery, in whole or in part, because Plaintiff failed to state a claim in accordance with Rule 9 of the Federal Rules of Civil Procedure.

4. Plaintiff is barred from recovery, in whole or in part, based on a lack of and/or failure of consideration. At the minimum, any alleged consideration is illusory.

5. Plaintiff is barred from recovery, in whole or in part, based on prior material breach because Plaintiff materially breached the alleged agreements on which Plaintiff's claims are based by not rendering the performance promised.

6. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of statute of frauds because one or more of the alleged agreements with the primary and/or secondary

obligors at issue were not in writing.

7. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of waiver.

8. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of estoppel.

9. Plaintiff is barred from recovery, in whole or in part, based on the economic loss doctrine.

10. Plaintiff is barred from recovery, in whole or in part, based on the intracorporate immunity doctrine.

11. Plaintiff is barred from recovery, in whole or in part, because with respect to the alleged agreements that Plaintiff alleges were breached, there is a lack of privity between Plaintiff and Defendants UDX, LLC, Southland National Insurance Corporation, UD Holdings, LLC, SNA Capital, LLC, Around Campus, LLC, Greg Lindberg, and Scott Hall. Specifically, Defendant Eli Global, LLC was the only counter-party to the alleged agreements that Plaintiff alleges were breached.

12. Plaintiff is barred from recovery, in whole or in part, because it consented to the conduct Plaintiff alleges was wrongful.

13. Plaintiff is barred from recovery, in whole or in part, because it released the claims it asserts in this lawsuit.

14. Plaintiff is barred from recovery, in whole or in part, because Defendants acted in good faith at all times.

15. Plaintiff is barred from recovery, in whole or in part, because Defendants are exempt from North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*

16. Plaintiff is barred from recovery, in whole or in part, because Plaintiff failed to mitigate its alleged damages.

17. Plaintiff is barred from recovery, in whole or in part, because Defendants are entitled to an offset of all amounts owed by Plaintiff to one or more Defendants.

18. Defendants plead that UDX is entitled to the full amount of its proof of claim filed in the Debtor's bankruptcy case plus all post-petition interest, fees, and other costs chargeable to Debtor under the loan documents and applicable law, including post-petition attorney fees and costs.

WHEREFORE, Defendants demand Judgment dismissing Plaintiff's Complaint and awarding costs of suit to Defendants and for such other and further relief to which Defendants may be justly entitled, including payment of UDX's proof of claim against Debtor and all post-petition interest, fees, attorney fees, costs, and other charges as allowed by the loan documents and applicable law.

**SMITH MOORE LEATHERWOOD LLP**

*/s/ Matthew Nis Leerberg*
Matthew Nis Leerberg
N.C. State Bar No. 35406
matt.leerberg@smithmoorelaw.com
434 Fayetteville Street, Suite 2800
Raleigh, NC  27601
Telephone: 919.755.8700
Facsimile: 919.755.8800

and

**CONDON TOBIN SLADEK THORNTON PLLC**

*/s/ J. Seth Moore*
Aaron Z. Tobin, NCSB #50019
Texas Bar No. 24028045
atobin@ctstlaw.com
J. Seth Moore
Texas Bar No. 24027522

>smoore@ctstlaw.com
>8080 Park Lane, Suite 700
>Dallas, Texas 75231
>Telephone: (214) 691-6300
>Facsimile: (214) 691-6311
>*Admitted Pro Hac Vice*
>
>ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **DEFENDANTS' SECOND AMENDED ANSWER** was submitted for filing to the clerk by using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

>Darren A. McDonough
>Ivey, McClellan, Gatton & Siegmund, L.L.P.
>P.O. Box 3324
>Greensboro, NC 27402

Signed this the 10th day of April, 2017.

>*/s/ J. Seth Moore*
>J. Seth Moore